UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMMERCIAL TIRE AND RETREADING, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4865** |
| **MT. HAWLEY INSURANCE COMPANY, INC., HAILEY INSURANCE SERVICES, L.L.C., D&B INSURANCE SERVICES, L.L.C. AND DEREK HAILEY** | **SECTION: "K"** |

**ORDER AND REASONS**

Before the Court is a Motion to Remand filed by Plaintiff Commercial Tire and Retreading, Inc. ("Commercial Tire") (Rec. Doc. 13). Also before the Court is a motion for summary judgment by Defendants Derek Hailey ("Hailey") and Hailey Insurance Services, L.L.C. ("Hailey Insurance") (Rec. Doc. 14). Defendant removed this case from state court claiming that the non-diverse parties were joined improperly, and therefore this Court had diversity jurisdiction over this matter. After reviewing the pleadings, memoranda, and relevant law, this Court denies plaintiff's motion to remand because the non-diverse parties are indeed

1

misjoined.[1]

## I. BACKGROUND

Plaintiff filed its lawsuit on August 28, 2006 in the Civil District Court for the Parish of Orleans against its insurer, Mt. Hawley Insurance Company ("Hawley"), and its insurance agents for income losses and expenses that resulted from damage done by Hurricane Katrina on August 29, 2005. Plaintiff's Petition (Rec. Doc. No. 1-3). The insurance agents who are defendants in this matter before the Court are Derek Hailey and Hailey Insurance Services, L.L.C. These insurance agents are residents of Louisiana or have their principal place of business in Louisiana. (Rec. Doc. No. 13-2).[2] Hawley is a foreign corporation, domiciled and with its principal place of business in the State of Illinois. (Rec. Doc. No. 1).

---

[1]The present matter originally was commenced as two separate actions. Commercial Tire commenced its action solely against Mt. Hawley within this Court on August 28, 2006, and received docket number Civ. A. No. 06-4865. Simultaneously, Commercial Tire commenced a state court action against Mt. Hawley, Hailey and Hailey Insurance. (No. 07-1230, Rec. Doc. No. 1). Subsequently, the state court action commenced by Commercial Tire against Hailey and Hailey Insurance was removed to this Court on March 9, 2007, and received docket number Civ. A. No. 07-1230. (No. 07-1230, Rec. Doc. No. 1). By order of this Court dated May 15, 2007, No. 07-1230 was consolidated with No. 06-4865, and No. 06-4865 was designated the lead case. (Rec. Doc. 12). Any references to record documents ("Rec. Doc.") herein will refer to documents filed under the lead case, No. 06-4865, unless otherwise noted.

[2]It appears that the plaintiff, in its statement of undisputed material facts, argues that the defendants are not insurance agents. (Rec. Doc. No. 32-2). However, the affidavit of Jody Shilling, the president of the plaintiff, states: "Commercial Tire hired Derek Hailey and Hailey Insurance Agency, Inc. ..., as insurance agents/brokers to procure insurance coverage over Commercial Tire's property at issue in this litigation." (Rec. Doc. No. 32-4). The plaintiff's opposition to defendant's motion for summary judgment also contends that "[i]t is undisputed that Defendants were, in fact, Plaintiff's insurance agents, hired by Plaintiff to procure insurance coverage over Plaintiff's property." (Rec. Doc. No. 32). Therefore, this Court sees no reason to doubt that the defendants are in fact insurance agents, and they will be considered so for the matter at hand.

On April 1, 2005 plaintiff alleges that it purchased from Hawley, through agent Hailey, a one-year commercial property insurance policy ("the Policy") for five of its stores. (Rec. Doc. No. 1). "Plaintiff was supplied with a copy of the policy upon original purchase" on April 1, 2005. (Rec. Doc. No. 10-2). Based on the alleged misrepresentations made by Defendants Hailey and Hailey Insurance, plaintiff "believed at all times prior to Hurricane Katrina that [the Policy] included flood coverage for Plaintiff's property at issue in this litigation." (Rec. Doc. No. 32).

The claim presented before the Court involves two properties: 3800 Alvar Street, New Orleans, Louisiana and 2900 Peoples Avenue, New Orleans, Louisiana. (Rec. Doc. No. 1). Due to Hurricane Katrina's landfall on August 29, 2005, the two aforementioned properties sustained significant damage. *Id.* Plaintiff filed a claim with its insurer Hawley for flood damage in September 2005, at which time the plaintiff was informed that the Policy did not cover flood insurance for these two properties because they were located in a flood exclusion zone. *Id.*

Plaintiff now seeks recovery for its Katrina-related damages. Plaintiff's Petition alleges the following causes of action against the defendants: violations of bad faith under La. Rev. Stat. § 22:1220 and La. Civ. Code art. 1997; failure to provide payment within 30 days as per La. Rev. Stat. § 22:658; breach of contract; and breach of various miscellaneous duties. *Id.*

Defendant insurance agents, Hailey and Hailey Insurance contend that they are entitled to summary judgment because any claim against them is perempted under La. R.S. Ann. § 9:5606(A), and because they breached no duty to the plaintiff that would toll the peremptive period from commencing on the date of the policy's issuance. (Rec. Doc. No. 10-2). In order to determine whether the case at bar should be remanded, the Court must determine whether the

claim against the defendants are perempted per La. R.S. Ann. § 9:5606(A).  Subsequently the Court must determine whether any fraud on the part of the defendants prevents peremption.  If no fraud exists, then the plaintiff's claims are perempted.  For the following reasons, the Court finds that the claims against the defendants are perempted.  Therefore, because the defendant insurance agents were improperly joined, the Motion to Remand is denied.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division of where such action is pending." 28 U.S.C. § 1441(a).  An action cannot be removed under 28 U.S.C. §1441 if a non-diverse party has been properly joined; "[h]owever, a defendant may remove by showing that the nondiverse party was improperly joined." *Dobson v. Allstate Ins. Co.,* No. Civ. A. 06-0252, 2006 WL 2078423, at *4 (E.D. La. 2006), *citing Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 200, 222 (5th Cir. 2003).

In the context of a motion to remand where joinder of parties challenged, the nonmovant (i.e., the party that removed to federal court) carries the heavy burden of establishing improper joinder by the standard of clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) (same); *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962) ("A claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing

evidence.").[3]  Improper joinder can be proven by the "[p]laintiff's inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts."  *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005); *White v. Allstate Ins. Co.*, --- F. Supp. 2d ----, 2007 WL 1852114, at *2 (E.D. La. June 26, 2007) (Engelhardt, J.).  "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).   The Fifth Circuit has clarified that its standard of "no possibility of recovery by the plaintiff . . . means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  "In this circuit, a removing party's claim of fraudulent [or improper] joinder to destroy diversity is viewed as similar to a motion for summary judgment" because "[a] court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties."  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (quoting *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)).

---

[3]As this Court has noted in a prior opinion, the Fifth Circuit has abandoned the term "fraudulent joinder" in favor of the term "improper joinder."  No substantive difference exists between the two terms, however.  *See In re Katrina Canal Breaches Consol. Litig.*, Civ. A. No. 05-4182, 2007 WL 152098, at *1 n.4 (E.D. La. Jan. 12, 2007) (Duval, J.) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)).

## III. ANALYSIS

Defendant insurance agents Hailey and Hailey Insurance argue that plaintiff's claim is perempted. They assert that the one year peremption period commenced on the date that the Policy was issued, April 1, 2005, and because the claim against defendants was not filed until August 28, 2006, the claim is perempted under La. R.S. Ann. § 9:5606. (Rec. Doc. No. 10-2). Plaintiff counters that the suit was timely filed because the one year peremption period was tolled due to the misconduct and/or negligence not being discovered until August 29, 2005, and thus filing a suit on August 28, 2006 was appropriate. (Rec. Doc. No. 32). *Atlas Iron & Metal Co. v. Ashy*, 918 So. 2d 1205, 1210 (La. Ct. App. 2006)

Peremption is a period of time fixed by law for the existence of a right. La. Civ. Code Ann. art. 3458 (2007). Unless the right is timely exercised it is extinguished upon the expiration of the peremptive period. *Id*. Louisiana Revised Statutes, Title 9, Section 5606 holds that tort and breach of contract claims against insurance agents must be filed within a one year peremption period, and at most within three years, from the date the alleged tort and/or breach of contract occurred. La. Rev. Stat. Ann. § 9:5606(A), (C), and (D). The statute provides:

> A. No action for damages against any *insurance agent*, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue *within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered*. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5606(A) (emphasis added).  There is no dispute that the defendants are insurance agents, therefore, making the above statute applicable.

The current matter before the Court is factually indistinguishable from numerous cases where this Court has held that the peremptive period for purposes of La. R.S. Ann. §9:5606 begins at the date the policy was issued.  *See Dobson*, 2006 WL 2078423, at *9; *Bordelon v. Independent Order of Foresters*, No. Civ. A. 05-2640, 2005 WL 3543815, at *3 (E.D. La. Oct. 4, 2005) (Duval, J.); *Lieschen Clover d/b/a Eclectique v. Allstate Ins. Co.,* No. Civ. A. 06-4339, 2006 WL 3366132, at *4 (E.D. La. Nov. 20, 2006) (Duval, J.).

In *Dobson,* multiple parties brought claims against both their insurance company and agents for misrepresentations of their insurance policies that were not discovered until Hurricane Katrina.  *Dobson,* 2006 WL 2078423 at *1.  Judge Vance held that, even if the insurance agent negligently misrepresented the terms of the coverage upon its renewal in October 2004, and such misrepresentations were not discovered until Hurricane Katrina, possession of the insurance policy at its renewal put the plaintiffs on notice for purposes of peremption.  *Id.* at *9.  The *Dobson* court noted that the insurance agent "submitted an unrebutted affidavit stating that a copy of the [plaintiffs'] policy . . . was provided to the [plaintiffs] on or before October 2004," and therefore Judge Vance found that the plaintiffs "knew or should have known of [the insurance agent's] wrongful conduct as of [October 2004], as they had a copy of their policy in hand."  *Id*.  Because "[a] presescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit," the *Dobson* court concluded that the alleged negligence should have been discovered more than one year prior to the filing of their suit, and thus the plaintiffs claims against their insurance agent were

perempted.  *Id.*, *citing Camp v. Correa*, 828 So. 2d 502, 510 (La. 2002); *Atlas Iron & Metal*, 918 So. 2d at 1210.

Similarly, in *Clover* the plaintiff brought action against its insurance company and its insurance agent. *Clover*, 2006 WL 3366132 at *1.  Like the case at hand, the plaintiff alleged that the insurance agent misrepresented coverage of the policy, and that although the policy was issued on May 11, 2005, the alleged misrepresentation could not have been discovered until August 29, 2005 when Hurricane Katrina inflicted damage on the insured properties. *Id.* at *3. The insurance agent defendants argued that the causes of action against them were perempted under La. R.S. Ann. § 9:5606 because the claims were filed on May 17, 2006, over one year from when the policy was issued. *Id.* at *4.  This Court held:

> [B]ecause the policy language in Paragraph 4 is clear as to its business interruption coverage, and that any alleged misrepresentations could have been discovered upon issuance of the policy.  The policy's issuance, therefore, is the event that begins commencement of the peremptive period . . . .  The misrepresentations were allegedly made on or before May 11, 2005, when the policy was issued. Suit was not filed until May 17, 2006. Thus, the Court finds that this action against [agent] is perempted under Section 9:5606 and is hereby dismissed.

*Id*. (citations omitted).

The matter currently before the Court is factually indistinguishable from *Clover* and *Dobson.*  Regardless of the alleged misrepresentations made by insurance agents, "[u]nder Louisiana law, an insured has a duty to read his policy and know its provisions" upon its issuance. *Fidelity Homestead Ass'n v. Hanover Ins. Co.*, 458 F.Supp. 2d. 276, 280 (E.D. La. Oct. 5,  2006), *citing Stephens v. Audubon Ins. Co.,* 665 So. 2d 683, 686 (La. Ct. App. 1995). The defendants' alleged misrepresentations were made on April 1, 2005 when the "[p]laintiff

was supplied with a copy of the policy upon original purchase." (Rec. Doc. 14-3, Ex. B, Rec. Doc. No. 10-2).[4]  Within the Policy there was a clear flood zone exclusion which states that:

> This policy *does not* provide coverage for "flood" in any location situated in a Flood Zone prefixed "A" or "V" . . . .

(Rec. Doc. No. 43-2, Ex. D)(emphasis added).  In the Flood Zone Hazard Determination that was attached to the plaintiff's policy, it clearly states that the plaintiff's properties at 2900 People Avenue, New Orleans, Louisiana and at 3800 Alvar, New Orleans, Louisiana fell within "Flood Zone A2" and therefore were not covered because they were a "BUILDING/MOBILE HOME IN SPECIAL FLOOD HAZARD AREA." (Rec. Doc. No. 43-2, Ex. E).  This clear language, coupled with the fact that the plaintiff had a copy of the policy on the date of issuance, should have brought attention to the plaintiff that the properties at issue were not covered for flood insurance.[5] (Rec. Doc. No. 10-2); *see Norris v. Union Planters Bank,* 739 So. 2d 869, 873 (La. Ct. App. 1999) (homeowners receiving a letter that their home was in a "special flood hazard area" should have put them on notice to purchase insurance for their property).  Thus, the commencement for the peremption period as per § 9:5606 began on April 1, 2005 when the plaintiff should have recognized the misrepresentations in the Policy upon its issuance.  Because plaintiff filed its claim on August 28, 2006, it is therefore outside of the peremption period under § 9:5606.

---

[4] Though this fact was not explicitly stated in any affidavit, the defendants assert in their motion for summary judgment that the plaintiff did in fact receive a copy of the policy on April 1, 2005 and the plaintiff has not disputed this issue. (Rec. Doc. No. 10-2 at 8).

The plaintiff argues that this Court should find that the commencement period for peremption began on August 29, 2005, when the plaintiff discovered that he was not properly insured for his losses.  Plaintiff's supporting case law, however, is distinguishable from the case at hand.  *See Bohannon v. Allstate Ins. Co.,* No. Civ. A. 06-7550, 2006 WL 3904986 (E.D. La. 2006); *Ancar v. Lexington Ins. Co.,* No. Civ. A. 06-8499, 2006 WL 97158 (E.D. La. 2007); *Riviera v. State Farm Ins. Co.,* 2007 WL 763633 (E.D. La. 2007); *Gullota, Jr. v.  State Farm Ins. Co.,* No. Civ. A. 06-9252, 2007 WL 809505 (E.D. La. 2007).

Plaintiff predominantly relies on *Bohannon*, where the court held the peremption period for an insurance claim against an insurance agent began in August 2005 when the property was destroyed, rather than in June 2005 when the alleged misrepresentations were made during the policy renewal period.  *Bohannon*, 2006 WL 3904986, at *3.  However, unlike in the case at hand, the *Bohannon* court was provided with no evidence that the plaintiff had ever received a copy of his insurance policy, or any other information, that would have put the insured party on constructive notice as to the terms of his policy.  *Id.*  Therefore, the court held that without evidence that the plaintiff received an insurance policy, the date for tolling the peremption period began when the plaintiff discovered the misconduct after damage from Hurricane Katrina.  *Id. Bohannon's* fact pattern stands in stark contrast to the current case where the defendant has provided evidence, such as the Policy and the flood exclusions, that establish that the plaintiff should have known of the terms of the Policy on April 1, 2005. (Rec. Doc. No. 43-2).

Furthermore, even if the claims were not perempted, the defendants have not breached any claim to the plaintiff.  "Louisiana jurisprudence has recognized that the common law tort of negligent misrepresentation is encompassed within the broad language of C.C. Articles 2315 and

2316." *Anderson v. Heck,* 554 So. 2d 695, 705 (La. Ct. App. 1989), *citing Devore v. Hobart Mfg. Co.*, 367 So. 2d 836 (La. 1979); *Hoffman v. Sabre Marine, Inc.,* 407 So. 2d 516 (La. Ct. App. 1981). To recover for negligent misrepresentation, "the plaintiff must show (1) a legal duty to supply correct information; (2) breach; and (3) damages resulting from justifiable reliance on the misrepresentation." *Abbott v. Equity Group, Inc.,* 2 F.3d 613, 624 n.38 (5th Cir. 1993). The *Dobson* court held that where the insured party's policy had clear language as to what was to be covered in the policy, "plaintiffs are chargeable with knowledge of the terms of their policy, and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they held." *Dobson,* 2006 WL 2078423, at *10; *see also Morris v. Friedman*, 663 So. 2d 19, 25 (La. 1995) (holding estoppel could not be asserted because the claimant had "the means readily and conveniently available to determine the true facts," but failed to do so). Here, the "plaintiff was supplied with a copy of the policy upon original purchase" on April 1, 2005. (Rec. Doc. No. 10-2). The plaintiff has not disputed this fact in any of its pleadings. Moreover, the language of the policy was clear as to what flood or lack of flood coverage was provided. (Rec. Doc. No. 10-2). Regardless of any alleged misrepresentations by Defendants Hailey and Hailey Insurance, they breached no duty to the plaintiff because the plaintiff could not justifiably rely on any misrepresentation made by the defendants.

Thus, due the peremption of their claims against defendant insurance agents Hailey and Hailey Insurance under § 9:5606(A), this Court finds that there is "no reasonable basis" to predict that the plaintiff might be able to recover against the non-diverse insurance agents. *Smallwood,* 385 F.3d at 573. Therefore, the defendants have borne their burden of proving that joinder of the non-diverse defendants was improper, and the claims against those defendants,

11

Hailey and Hailey Insurance, will be dismissed. Because otherwise the state law claims against the diverse defendant exceed the federal jurisdiction minimum of $75,000 as required by 28 U.S.C. § 1332, the Motion to Remand is denied. *See* Weigel v. Union Pac. R.R. Co., No. Civ. A. 06-6607, 2006 WL 901755, at *4-5 (E.D. La. April 4, 2006) (dismissing non-diverse defendants and denying plaintiff's motion to remand because complete diversity of citizenship existed between remaining parties). Considering that Defendants Hailey and Hailey Insurance have gained the relief they otherwise sought through their Motion for Summary Judgment, that motion shall be dismissed as moot.

## IV. CONCLUSION

For the reasons discussed herein, accordingly,

**IT IS ORDERED** that all claims asserted against Defendants Hailey and Hailey Insurance are **DISMISSED WITH PREJUDICE**, and therefore the Plaintiff's Motion to Remand (Rec. Doc. 13) is **DENIED**. The Motion for Summary Judgment by Hailey and Hailey Insurance (Rec. Doc. 14) is **DISMISSED AS MOOT.**

New Orleans, Louisiana on this  6th  day of November 2007.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE